# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMOND A. B., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Acting, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 18-5032 AGR <br><br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff[1] filed this action on June 6, 2018. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 16.) Plaintiff filed a motion for summary judgment. Defendant filed a cross motion for summary judgment and an opposition to Plaintiff's motion. No further briefs were filed. The court has taken the matter under submission without oral argument.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.

## **PROCEDURAL BACKGROUND**

On February 8, 2011, the Social Security Administration ("SSA") issued a notice informing Plaintiff that she was overpaid disability benefits of $17,449.50. AR 43. On February 7, 2014, Plaintiff requested waiver of the overpayment. After a personal conference on September 17, 2014,[2] the field office denied the request for waiver but revised the overpayment amount to $15,901.00 during the periods February 2006 through May 2006, September 2006 through January 2007, and January 2008 through July 2008. After adjustments and withholdings, the amount of overpayment was $9,196.36. Administrative Record ("AR") 13.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On December 22, 2016, the ALJ conducted a hearing at which Plaintiff testified. AR 196-225. On February 9, 2017, the ALJ issued a decision that Plaintiff was overpaid benefits in the amount of $15,901.00; Plaintiff was at fault in causing the overpayment; recovery of the overpayment is not waived; and Plaintiff is liable for repayment of $15,901.00. AR 10-16. On May 23, 2018, the Appeals Council denied the request for review. AR 4-7. This action followed.

# II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision. *McCarthy v. Apfel*, 221 F.3d 1119, 1124 (9th Cir. 2000). The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Id.* at 1124-25; *Anderson v. Sullivan*, 914 F.2d 1121, 1122 (9th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might, upon consideration of the entire record, accept as adequate to support a conclusion."

---

[2] *See* 20 C.F.R. § 404.506(c)-(h) (describing procedures for waiver requests).

*McCarthy*, 221 F.3d at 1125. It means "'more than a mere scintilla,' but 'less than a preponderance.'" *Id.* (quoting *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990)). In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995).

## III.
## DISCUSSION

### A. Overpayments

When the Commissioner finds that a person has received overpayments of disability benefits, the Commissioner "shall decrease any payment under this title to which such overpaid person is entitled, or shall require such overpaid person or his estate to refund the amount in excess of the correct amount, or shall decrease any payment under this title payable to his estate or to any other person on the basis of the wages and self-employment income which were the basis of the payments to such overpaid person, or shall obtain recovery by means of reduction in tax refunds based on notice to the Secretary of the Treasury . . . , or shall apply any combination of the foregoing." 42 U.S.C. § 404(a)(1)(A).

Nevertheless, "there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this title or would be against equity and good conscience." *Id.* § 404(b)(1). In making the determination about fault, the Commissioner "shall specifically take into account any physical, mental, educational, or linguistic limitation such individual may have." *Id.* § 404(b)(2); *see also* 20 C.F.R. §§ 404.507, 404.510

(Commissioner considers, in addition to these factors, "all pertinent circumstances, including the individual's age and intelligence").

Under the regulations, fault "depends upon whether the facts show that the incorrect payment to the individual . . . resulted from: (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) Failure to furnish information which he knew or should have known to be material; or (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect." 20 C.F.R. § 404.507.

When an individual is without fault, recovery of overpayment may defeat the purposes of the Act and be contrary to equity and good conscience when there is evidence that recovery would "deprive a person of income required for ordinary and necessary living expenses."[3] 20 C.F.R. §§ 404.508(a), 404.512(b); *Bass v. Colvin*, 650 Fed. Appx. 336, 336 (9th Cir. 2016); *see also McCarthy*, 221 F.3d at 1127 (noting lower court's remand when record demonstrated claimant's average monthly expenses exceeded average monthly income). Recovery of overpayment is against equity and good conscience when an individual changed his or her position for the worse, or relinquished a valuable right, because of reliance upon a notice that a payment would be made or because of the overpayment. 20 C.F.R. §§ 404.509(a), 404.512(a).

### B. The ALJ's Findings

The ALJ found that Plaintiff was overpaid benefits in the amount of $15,901.00; Plaintiff was at fault in causing the overpayment; recovery of the overpayment is not waived; and Plaintiff is liable for repayment of $15,901.00. AR 15.

---

[3] Ordinary and necessary expenses include fixed living expenses such as rent, mortgage payments, food, utilities, maintenance, insurance, taxes; medical expenses; expenses for the support of others for whom the individual is legally responsible. 20 C.F.R. § 404.508(a)(1)-(4).

4

## C. Existence of Overpayments

"To recover overpayments, the Commissioner must show that the claimant actually received benefits beyond the period of disability or in excess of the correct amount." *McCarthy*, 221 F.3d at 1124; 20 C.F.R. § 404.504. On judicial review under § 405(g), the district court "must determine whether the Commissioner established the fact and amount of overpayments by substantial evidence." *McCarthy*, 223 F.3d at 1124.

The ALJ found that Plaintiff was entitled to a nine-month trial period during which she was entitled to work and continue to receive disability benefits. AR 15; 20 C.F.R. § 404.1592(a) (defining trial work as period up to nine months, which do not have to be consecutive). The ALJ found that Plaintiff's trial work period consisted of June 2002, June 2003, July 2003, June 2004, October 2004, November 2004, January 2005, May 2005 and September 2005. AR 15. Plaintiff confirms that she told the field office she was working in 2004-2005. (Plaintiff's Motion for Summary Judgment ("PMSJ") at 2.)

The ALJ found that Plaintiff was not entitled to disability payments she subsequently received during the periods February 2006 through May 2006, September 2006 through January 2007, and January 2008 through July 2008 while she was performing substantial gainful activity. The ALJ found that Plaintiff received overpayments of $15,901.00, before adjustments and withholdings, based on the SSA printout of Title II payments to Plaintiff. AR 15, 142-58. Plaintiff does not dispute that she received the Title II disability payments. She confirms that she paid back overpayments "from my monthly Social Security checks." (PMSJ at 2.)

After the personal conference with Plaintiff on September 17, 2014, the SSA determined that Plaintiff's overpayment amounted to $9,196.36 taking into account the information from employers, withholdings and amounts Plaintiff paid through monthly withholdings. AR 122-23, 125, 133, 135. At the hearing on December 22, 2016, the ALJ stated that the amount of overpayment as of that date was $8,646, presumably

5

after taking into account additional monthly withholdings from Plaintiff's benefits. AR 198, 225.

Plaintiff makes a series of arguments. She states that she never received a check of $5000 from Red Coats in 2010. This argument is not material because the SSA's overpayment calculation excluded that check. On October 11, 2012, Mr. Maxwell of the SSA contacted Red Coats about the $5291 payment in 2010. Red Coats responded that Plaintiff's last day worked was September 6, 2008 and that the $5291 check in 2010 was for settlement of her EEOC claim. AR 79. The ALJ explained at the hearing that the settlement check is not considered earnings for purposes of the overpayment calculation. AR 205.

Plaintiff argues that her employment history is incorrect. Plaintiff does not articulate what the errors are or, more importantly, how any such errors affect the SSA's calculation of overpayments at issue in this case. On February 5, 2011, the SSA sent to Plaintiff, at her Long Beach address, a revised decision about her disability benefits. AR 40, 43. The notice stated that Plaintiff had the right to appeal the overpayment determination and had the right to request a waiver of the overpayment. AR 44. Plaintiff filed a request for waiver on June 18, 2011. AR 47-54. In her request for waiver, Plaintiff reported that some of her work history information was wrong. "[F]or example, I didn't work in 2009-2010 some of the security guard post or companies are wrong." AR 48. After the personal conference on September 17, 2014, Mr. Maxwell removed the alleged overpayments during the periods April 2010 through June 2010 and July 2010 through January 2011. AR 122. The overpayments at issue in this case do not involve 2009-2010 and, therefore, Plaintiff does not show how any error in her work history affects the overpayment calculation at issue in this case.

In her request for waiver filed on February 7, 2014, before her personal conference on September 17, 2014, Plaintiff stated that she did not work in 2008. AR 111. At the hearing, the ALJ explained that the 2006 earnings records show that

Plaintiff was paid wages by Red Coats and Allied Barton. Red Coats reported income of $22,684 in 2007 and $14,143 in 2008. AR 214. An individual's earnings record constitutes evidence of the amounts of earnings and the time periods in which they were received. 20 C.F.R. § 404.803(a); see Overend v. Sullivan, 879 F.2d 673, 676 (9th Cir. 1989). The ALJ also went over Red Coats' email in response to Mr. Maxwell's inquiry. AR 215. As discussed above, Red Coats confirmed that Plaintiff worked for them in 2008. AR 79.

Plaintiff testified at the hearing that she did not work for Future Dreams or RAV Investigative, but the court can find no indication in the record that earnings from either company contributed to the calculation of overpayment. AR 203-04.

Plaintiff states that an overpayment was satisfied through deductions from her Social Security checks. (PMSJ at 2.) Plaintiff does not cite to the record. The court is unable to locate any record of an overpayment being satisfied. The record does contain a notice dated September 26, 2012 indicating that the SSA agreed to waive an overpayment of $1,396.00. AR 77.

The court concludes that the ALJ's decision is supported by substantial evidence. Plaintiff has not shown error.

**D.     Waiver**

"The overpaid individual bears the burden of proving that he was without fault." *McCarthy*, 221 F.3d at 1126; *Anderson*, 914 F.2d at 1122. "The fault determination requires a reasonable person to be viewed in the claimant's own circumstances and with whatever mental and physical limitations the claimant might have." *Harrison v. Heckler*, 746 F.2d 480, 482 (9th Cir. 1984).

As discussed above, fault "depends upon whether the facts show that the incorrect payment to the individual . . . resulted from: (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) Failure to furnish information which he knew or should have known to be material; or (c) With

respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect." 20 C.F.R. § 404.507.

Plaintiff does not contend that she was unaware of her obligation to report her monthly earnings to the SSA. Instead, she argues that she informed SSA of her work status and her monthly earnings while receiving disability benefits for the relevant months. AR 221-22. The ALJ discounted her testimony because her request for waiver of overpayment in 2008 did not mention that she had ever informed the Administration that she was working while receiving disability benefits for the relevant months. AR 15, 26-33. The record contains notes of contacts with Plaintiff, but there is no documentation that she submitted notice of her employment and her monthly earnings to a field office of the SSA. *E.g.*, AR 79-83, 132-36, 138-41. This evidence does undercut Plaintiff's vague testimony.

The court cannot conclude that the ALJ's finding of fault is unsupported by substantial evidence. *See Manitsas v. Colvin*, 565 Fed. Appx. 652, 652 (9th Cir. 2014) (finding ALJ's fault determination supported by substantial evidence when claimant applied for waiver without requesting reconsideration of overpayment determination); *Deuschel v. Comm'r*, 526 Fed. Appx. 715, 717 (9th Cir. 2013) (noting deferential substantial evidence standard).

Because the ALJ found that Plaintiff was at fault, the ALJ did not reach the issues of whether recovery would defeat the purpose of this title or would be against equity and good conscience because those considerations are applicable only when the individual is found to be without fault. 42 U.S.C. § 404(b)(1). The court notes that the SSA stated that it could not find an inability to pay based on Plaintiff's continuing receipt of disability benefits at the time. AR 123.

# IV.

# ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner affirmed except that the amount of overpayment, $15,901.00, is reduced by adjustments, withholdings and payments already received from Plaintiff on this overpayment. As of the date of the hearing before the ALJ on December 22, 2016, the amount of overpayment had been reduced to $8,646.00. AR 198, 225. Plaintiff may request a statement as to the remaining balance owed on the overpayment at issue in this case.

DATED: August 14, 2019

ALICIA G. ROSENBERG
United States Magistrate Judge